IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>NEKIMI HOLDINGS, LLC, d/b/a )<br>THE CLEANING AUTHORITY-FOX VALLEY, )<br>)<br>Defendant. )<br>) | Civil Action No.1:23-cv-01293<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices and provide appropriate relief to four employees (hereinafter "Aggrieved Individuals"), and a class of other female employees who were adversely affected by such practices.

As alleged with greater particularity below, Nekimi Holdings, LLC, d/b/a The Cleaning Authority-Fox Valley ("Defendant") discriminated against four Aggrieved Individuals who worked as cleaner, team lead, and assistant managers, and a class of female employees when Defendant subjected them to a hostile work environment based on sex, in violation of Title VII. The EEOC alleges that the harassment was so severe that Defendant forced an Aggrieved Individual and a class of female employees to resign because of sex (female), in violation of Title VII. The EEOC also alleges that Defendant terminated two of the Aggrieved Individuals' employment as well as a class of female employees in retaliation for engaging in protected activity

when they opposed the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. §2000e-5(f)(1) and §2000e-5(f)(3) ("Title VII"), and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of Wisconsin and the City of Appleton. Defendant has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 701(b) of Title VII, 42 U.S.C. § 2000e-(b).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, the Aggrieved Individuals filed an EEOC Charge of Discrimination, alleging violations of Title VII by Defendant.

8. On July 28, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant subjected the Aggrieved Individuals and a class of female employees including to a hostile work environment based on sex. The EEOC found reasonable cause to believe that Defendant terminated the employment of two Aggrieved Individuals and a class of female workers in retaliation for engaging in protected activity when they opposed the sexual harassment. The EEOC also found reasonable cause to believe Defendant constructively discharged one Aggrieved Individual and a class of female employees in violation of Title VII. The Letter of Determination invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The EEOC was unable to secure a conciliation agreement acceptable to the EEOC and Defendant and on August 28, 2023, the EEOC issued Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant provides residential and commercial cleaning services throughout the Fox Valley region, out of its business office in Appleton, Wisconsin.

13. Since at least October 1, 2018, through the present Defendant engaged in unlawful employment practices at its facility in Wisconsin in violation of Title VII.

14. From on or around October 1, 2018, to the present, Jeremy Schmidt was the owner of Defendant's business.

15. The Aggrieved Individuals and other female employees were routinely subjected to sexual harassment at work from at least October 1, 2018. The harassment was both verbal and physical. In separate incidents and on more than one occasion, they were subject to sexual comments, unwanted sexual advances, and sex-based derogatory comments. In separate incidents and on more than one occasion, the Aggrieved Individuals were touched, grabbed, and hugged without their consent. This conduct was severe and pervasive.

16. Defendant is liable for the sexual harassment that Aggrieved Individuals and other female workers endured.

   a. Defendant had no effective mechanism for receiving and responding to sex discrimination complaints.

   b. Defendant provided no effective anti-harassment training.

17. The conduct was unwelcome and created a hostile work environment based on sex that was both objectively and subjectively offensive to the Aggrieved Individuals and other female workers.

18. One Aggrieved Individual working as an Assistant Manager continued to work for Defendant until she was forced to resign on or around February 28, 2020, due to the severity and pervasiveness of harassment.

19. Another Aggrieved Individual working as an Assistant Manager engaged in a protected activity when she directly confronted the harasser in opposition to sexual harassment in January of 2020.

20. On or around February 3, 2020, in response to her protected activity opposing sexual harassment, Defendant terminated her employment.

21. On or about April 7, 2020, all Aggrieved Individuals opposed the sexual harassment

when they reported this conduct to the Defendant's franchisor.

22. On or around April 8, 2020, in response to the Aggrieved Individuals' reporting of the sexual harassment to the Defendant's franchisor, they were intimidated and threatened with harm.

23. This caused another Aggrieved Individual working as a Cleaner to resign on or around April 8, 2020, due to the intimidating and threatening response to her reporting of sexual harassment.

24. The effects of the practices complained of in paragraphs 13-23 above, has been to deprive the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex and/or in retaliation in violation of Title VII.

25. The unlawful employment practices complained of in paragraphs 13-23 above were and are intentional.

26. The unlawful employment practices complained of in paragraphs 13-23 above were done with reckless indifference to the federally protected rights of the Aggrieved Individuals and a class of a class of female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex and national origin.

B. Grant a permanent injunction prohibiting Defendant from discriminating against any individual for engaging in protected activity under Title VII or for opposing practices made unlawful by Title VII or for participating in this lawsuit;

C. Order Defendant to institute and carry out policies, practices and programs which

provide equal employment opportunities for its employees regardless of sex and national origin, and which eradicate the effects of its unlawful employment practices;

D. Order Defendant to make whole the Aggrieved Individuals by providing appropriate back pay with prejudgment interest and a tax component award, in amounts to be determined at trial, reinstatement or front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

E. Order Defendant to make whole the Aggrieved Individuals and a class of employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices including loss of personal property, medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial;

F. Order Defendant to make whole the Aggrieved Individuals and a class of employees by providing compensation for past and future non-pecuniary losses resulting from its unlawful employment practices including emotional pain, suffering, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

G. Order Defendant to pay the Aggrieved Individuals and a class of female employees, punitive damages for its malicious and/or recklessly indifferent conduct in amounts to be determined at trial;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Christopher Lage
Deputy General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
gregory.gochanour@eeoc.gov

/s/ Deborah Hamilton
Deborah Hamilton (IL Bar No. 6269891)
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
deborah.hamilton@eeoc.gov

/s/ Carrie Vance
Carrie Vance (WI Bar No. 1056606)
Senior Trial Attorney
EEOC Milwaukee Area Office
310 W. Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3686
carrie.vance@eeoc.gov

/s/ W. Emma Heo
W. Emma Heo (IL Bar No. 6337680)
Trial Attorney
U.S. EEOC Chicago District Office
230 S. Dearborn Street
Chicago, IL 60604
312-872-9740
emma.heo@eeoc.gov